JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MARGIE WARE and DOMINIC NICHOLAS | MICHAEL CIANFRANI |

| **(b)**  County of Residence of First Listed Plaintiff      Philadelphia | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Adam S. Barrist, Esq., 215-432-8829 P.O. Box 1820, Media, PA 19063 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1   U.S. Government Plaintiff

❒ 3   Federal Question *(U.S. Government Not a Party)*

❒ 2   U.S. Government Defendant

❌ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ☑ 2 | ☑ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV.   NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury  - | ❒ 690 Other | ❒ 423 Withdrawal | ❒ 376 Qui Tam (31 USC |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❒ 140 Negotiable Instrument | Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted | Liability | ❒ 368 Asbestos Personal | | ❒ 835 Patent - Abbreviated | ❒ 460 Deportation |
| Student Loans | ❒ 340 Marine | Injury Product | | New Drug Application | ❒ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❒ 345 Marine Product | Liability | | ❒ 840 Trademark | Corrupt Organizations |
| ❒ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| of Veteran's Benefits | ❌ 350 Motor Vehicle | ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | ❒ 371 Truth in Lending | Act | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ |
| ❒ 190 Other Contract | Product Liability | ❒ 380 Other Personal | ❒ 720 Labor/Management | ❒ 863 DIWC/DIWW (405(g)) | Exchange |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Property Damage | Relations | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | ❒ 385 Property Damage | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| | ❒ 362 Personal Injury - | Product Liability | ❒ 751 Family and Medical | | ❒ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❒ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement | ❒ 870 Taxes (U.S. Plaintiff | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | Income Security Act | or Defendant) | ❒ 899 Administrative Procedure |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate | | ❒ 871 IRS—Third Party | Act/Review or Appeal of |
| ❒ 240 Torts to Land | ❒ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❒ 245 Tort Product Liability | Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 446 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration | | |
| | Other | ❒ 550 Civil Rights | Actions | | |
| | ❒ 448 Education | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❌ 1   Original Proceeding

❒ 2   Removed from State Court

❒ 3   Remanded from Appellate Court

❒ 4   Reinstated or Reopened

❒ 5   Transferred from Another District *(specify)*

❒ 6   Multidistrict Litigation - Transfer

❒ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332

Brief description of cause:
Motor vehicle collision in Philadelphia, PA.

## VII.  REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $150,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ❒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/28/2026 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| MARGIE WARE<br>and<br>DOMINIC NICHOLAS | Plaintiff,<br>v. | : : : : : | CIVIL ACTION |
| MICHAEL CIANFRANI | Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x )

| | | |
|---|---|---|
| 05/28/2026 | | MARGIE WARE and DOMINIC NICHOLAS |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                   Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  ***Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☐ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.*  ***Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☒ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MARGIE WARE
1632 Dyre Street
Philadelphia, PA 19124

and

DOMINIC NICHOLAS
2500 Old Farm Road, Apt. 935
Houston, TX 77063

     Plaintiffs,

  v.

MICHAEL CIANFRANI
123 Kohlmyer Drive
Pennsauken, NJ 08110

     Defendant.

:
:
:
:
: CIVIL ACTION
:
: No._____
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

---

## COMPLAINT

Plaintiffs, Margie Ware ("Ms. Ware") and Dominic Nicholas ("Mr. Nicholas"), through their undersigned attorneys, bring the following Complaint against the above-captioned Defendant.

## PARTIES

1. Plaintiff, Margie Ware, is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 1632 Dyre Street, Philadelphia, PA 19124.

2. Plaintiff, Dominic Nicholas, is an adult individual, citizen, resident and domiciliary of the State of Texas, with a home address of 2500 Old Farm Road, Apt. 935, Houston, TX 77063.

3. Defendant, Michael Cianfrani ("Mr. Cianfrani" or "Defendant") is, upon information and belief, an adult individual, citizen, resident and domiciliary of the State of New Jersey, with a home address of 123 Kohlmyer Drive, Pennsauken, NJ 08110.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff, Ms. Ware, is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania; Plaintiff, Mr. Nicholas, is a citizen, resident and domiciliary of the State of Texas; and Defendant is a citizen, resident and domiciliary of the State of New Jersey.

5. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Philadelphia, PA, within this District.

## FACTS

8. On September 3, 2025, Ms. Ware (as the driver) and Mr. Nicholas (as the passenger) were severely injured when Mr. Cianfrani negligently made an unsafe lane change and struck their vehicle on I-95 southbound around mile marker 22.0 in Philadelphia, PA.

9. Following an investigation by the Pennsylvania State Police Department, Mr. Cianfrani was deemed at-fault in causing the subject collision and was charged with (and pled guilty to) a violation of 75 Pa.C.S.A.§1575.

10. Ms. Ware was not charged or deemed at fault for her role in the subject collision.

11. Under Pennsylvania law, 75 Pa.C.S.A.§1705(d)(1)(ii), in light of Mr. Cianfrani's vehicle being registered in the State of New Jersey, Ms. Ware and Mr. Nicholas (and, in the case of Mr. Nicholas, his being a Texas-licensed driver and there being no Deemer statute in Pennsylvania) are bound by the full-tort option in this case.

12. Such violent collision caused Plaintiffs to a) sustain the permanent injuries described below, that have caused their bodies to not heal or function normally with further medical treatment; and b) suffer significant financial harm.

## <u>COUNT ONE – NEGLIGENCE</u>
### Margie Ware v. Michael Cianfrani

13. Ms. Ware incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

14. As the direct and proximate cause of Defendant's negligence as stated above, Ms. Ware has suffered severe permanent physical injury and financial loss.

15. The injuries that Ms. Ware has sustained are permanent in nature. Ms. Ware has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

16. As a further result of the above negligent acts committed by Defendant, Ms. Ware has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

17. As a further result of the above negligent acts committed by Defendant, Ms. Ware has incurred and will continue to incur substantial financial harm due to vehicular property damage.

18. In addition, Ms. Ware has suffered other economic injury and will likely continue to suffer such economic injury.

3

19. Defendant operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

20. Defendant had a duty to Ms. Ware to not operate his vehicle in such a careless and/or negligent manner.

21. Defendant breached said duty, as set forth below.

22. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Defendant, Ms. Ware suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

23. The aforesaid accident was caused by the negligence and/or carelessness of Defendant, because he:

   a) Failed to keep his vehicle under control at all relevant times;

   b) Was driving at an excessive speed under the circumstances;

   c) Disregarded traffic signals and signs;

   d) Failed to keep a proper lookout;

   e) Violently struck Ms. Ware's vehicle;

   f) Was driving in distracted fashion;

   g) Caused a violent collision to take place; and

   h) Otherwise failed to exercise due care under the circumstances.

24. As the result of the above-referenced accident, Ms. Ware suffered painful and serious injuries, including, but not limited to:

   a) right shoulder labral tear and subscapularis and supraspinatus tendinopathy with interstitial tears distally;

   b) concussion;

   c) disc bulges/protrusions from C2-T1 and from L1-S1;

   d) radiculopathy;

   e) cervicalgia;

   f) nerve damage throughout her body;

   g) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

   h) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

   i) head injuries, the extent of which is presently unknown; and

   j) emotional harm, the extent of which is presently unknown.

25. As a result of such accident, Ms. Ware has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

26. As a result of such accident, Ms. Ware has incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

27. As a result of such accident, Ms. Ware suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

28. As a result of such accident, Ms. Ware has suffered lost wages, and will suffer a loss of future earnings capacity.

29. As a further result of such accident, Ms. Ware has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Margie Ware, demands judgment against the Defendant, Michael Cianfrani, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

## <u>COUNT TWO – NEGLIGENCE</u>
### Dominic Nicholas v. Michael Cianfrani

30. Mr. Nicholas incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

31. As the direct and proximate cause of Defendant's negligence as stated above, Mr. Nicholas has suffered severe permanent physical injury and financial loss.

32. The injuries that Mr. Nicholas has sustained are permanent in nature. Mr. Nicholas has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

33. As a further result of the above negligent acts committed by Defendant, Mr. Nicholas has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

34. As a further result of the above negligent acts committed by Defendant, Mr. Nicholas has incurred and will continue to incur substantial financial harm due to vehicular property damage.

35. In addition, Mr. Nicholas has suffered other economic injury and will likely continue to suffer such economic injury.

36. Defendant operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

37. Defendant had a duty to Mr. Nicholas to not operate his vehicle in such a careless and/or negligent manner.

38. Defendant breached said duty, as set forth below.

39. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Defendant, Mr. Nicholas suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to his regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

40. The aforesaid accident was caused by the negligence and/or carelessness of Defendant, because he:

    a) Failed to keep his vehicle under control at all relevant times;

    b) Was driving at an excessive speed under the circumstances;

    c) Disregarded traffic signals and signs;

    d) Failed to keep a proper lookout;

    e) Violently struck Mr. Nicholas' vehicle;

    f) Was driving in distracted fashion;

    g) Caused a violent collision to take place; and

    h) Otherwise failed to exercise due care under the circumstances.

7

41. As the result of the above-referenced accident, Mr. Nicholas suffered painful and serious injuries, including, but not limited to:

   a) radiculopathy;

   b) cervicalgia;

   c) nerve damage throughout his body;

   d) strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

   e) torn ligaments and tendons throughout his body, the extent of which is presently unknown;

   f) head injuries, the extent of which is presently unknown; and

   g) emotional harm, the extent of which is presently unknown.

42. As a result of such accident, Mr. Nicholas has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

43. As a result of such accident, Mr. Nicholas has incurred unreimbursed property loss/damages and will continue to incur said medical expenses for an indefinite time into the future.

44. As a result of such accident, Mr. Nicholas suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

45. As a result of such accident, Mr. Nicholas has suffered lost wages, and will suffer a loss of future earnings capacity.

46. As a further result of such accident, Mr. Nicholas has suffered and will continue to suffer a loss of life's pleasures.

8

**WHEREFORE**, Plaintiff, Dominic Nicholas, demands judgment against the Defendant, Michael Cianfrani, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiffs

Date:  May 28, 2026

9

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGIE WARE<br>1632 Dyre Street<br>Philadelphia, PA 19124<br><br>and<br><br>DOMINIC NICHOLAS<br>2500 Old Farm Road, Apt. 935<br>Houston, TX 77063<br><br>                    Plaintiffs,<br><br>        v.<br><br>MICHAEL CIANFRANI<br>123 Kohlmyer Drive<br>Pennsauken, NJ 08110<br><br>                    Defendant. | CIVIL ACTION<br><br>No._____ |

## **JURY DEMAND**

Plaintiffs, Margie Ware and Dominic Nicholas, hereby demand a trial by twelve (12) jurors.

Respectfully submitted,

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiffs

Date:  May 28, 2026

10